UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronnie Colclough, # 2672, | ) C/A No. 6:07-3548-HMH-WMC |
| Plaintiff, | ) |
| vs. | ) |
| | ) **Report and Recommendation** |
| Sumter County Sheriff Department; | ) |
| Antony Dennis, Sheriff; | ) |
| B. Barfield, Sheriff's Deputy, and | ) |
| Jason Corbitt, Solicitor, | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a local detention center detainee.[1] Plaintiff is currently detained at the Sumter-Lee County Detention Center. He claims that his constitutional rights were violated in connection with his arrest. He sues the Sheriff, one of his deputies, the Solicitor, and the Sheriff's Department, seeking injunctive relief and damages.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*,

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

*Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto,* 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to partial summary dismissal as to Defendants Sumter County Sheriff's Department and Jason Corbitt under the provisions of 28 U.S.C. § 1915(e)(2)(B).

The Complaint filed in this case is subject to summary dismissal without the issuance of process for Defendant Sumter County Sheriff's Department because this Defendant is an agency of the State of South Carolina and, thus, entitled to Eleventh Amendment immunity from the relief requested in this Complaint. Article V, section 24 of the South Carolina Constitution specifically provides for the election of a sheriff in each county: "There shall be elected in each county by the electors thereof a clerk of the circuit court, a sheriff, and a coroner; and in each judicial circuit a solicitor shall be elected by the electors thereof." Furthermore, Sheriff's Departments in South Carolina are considered state agencies, not municipal departments. *See* S.C. Code Ann.

§ 23-13-550; 1975 S.C.Att'y.Gen'l.Op. No. 47 (January 22, 1975). Indeed, if any damages were to be awarded in this case, such damages would be paid by the South Carolina State Insurance Reserve Fund. *See Comer v. Brown*, 88 F.3d at 1332 ("Judgments against t he Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund."). Each of these circumstances support the determination that South Carolina Sheriffs' Departments are state agencies.

As a state agency, the Sumter County Sheriff's Department is immune from suit for damages and non-prospective injunctive relief (such as the requests made in this case) in federal court under the Eleventh Amendment to the United States Constitution. Generally speaking, that amendment divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department in most circumstances. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *Coffin v. South Carolina Dep't of Social Servs.*, 562 F. Supp. 579, 583-85 (D.S.C. 1983); *Belcher v. South Carolina Bd. of Corrections*, 460 F. Supp. 805, 808-09 (D.S.C. 1978); *see also Harter v. Vernon*, 101 F.3d 334, 338-39 (4th Cir. 1996); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).

3

*Cf. Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 227 (4th Cir. 1997)(courts may consider an Eleventh Amendment immunity defense *sua sponte*).

The United States Court of Appeals for the Fourth Circuit has considered the role of sheriffs in the state of South Carolina and North Carolina, and has specifically determined that, in their official capacities, South Carolina's sheriffs are immune from federal lawsuits seeking damages and/or retrospective injunctive relief as agents of the government of South Carolina. *See Harter v. Vernon*, 101 F. 3d 334 (4th Cir. 1996)(North Carolina sheriffs are not arms of the state and are not entitled to claim Eleventh Amendment immunity); *Cromer v. Brown*, 88 F.3d 1315 (4th Cir. 1996)(South Carolina sheriffs are arms of the state and entitled to Eleventh Amendment immunity from a claims for damages in their official capacity); *Drake v. Ham*, No. 3:06-1611-MJP, 2007 WL 2580629, * 5 (D.S.C. August 16, 2007)(same). As a matter of law, Plaintiff may not proceed against the Sumter County Sheriff's Department on the allegations set forth in this action.

Moreover, to the extent the it seeks damages for alleged unjust incarceration from the Sumter County Solicitor, Jason Corbitt, Plaintiff's Complaint is barred by the well-established legal doctrine of prosecutorial immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const., art. V, § 24; S.C. Code Ann, § 1-7-310. Solicitors are elected by voters of a judicial circuit and have absolute immunity for their prosecution-related activities in or connected with judicial proceedings. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to the Solicitor's participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Hart v. Jefferson County*, 1995 WL 399619 (D.Ore., June 15, 1995)(allegations by plaintiff

of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity). Absolute immunity does not extend to a prosecutor's administrative or investigative activities. *See Imbler v. Pachtman,* 424 U.S. 409, 431 n. 33 (1976). When performing administrative or investigative activities, prosecutors acting in good faith are entitled to qualified immunity only to the extent that the conduct "'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Buckley v. Fitzsimmons,* 509 U.S. at 268 (quoting from *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Additionally, the stage of the litigation at which the prosecutor's conduct occurs is often important to the determine of whether the activity is determined to be prosecutorial or investigative in nature. *Compare Yarris v. County of Delaware*, 465 F.3d 129, 139 (3d Cir. 2006)(actions taken after indictment: prosecutorial in nature)*with Wrench Transp. Sys. v. Bradley*, 2006 WL 3749594 (3d Cir., Dec. 21, 2006)(actions taken against defendant prior to arrest or indictment: investigatory in nature).

Of particular importance in this case is the fact that it is well settled in this Circuit that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," *Lyles v. Sparks*, 79 F. 3d 372, 377(4th Cir. 1996), and whether or not to go forward with a prosecution. *See Springmen v. Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997). Plaintiff's claims about his arrest and the questioning by Sheriff's Department officers that he underwent before the arrest, which Plaintiff says was done "with the help of the Mr. Jason Corbitt the Solicitor," appear to implicate Corbitt's clearly prosecutorial decisions about who and when to prosecute and whether to even go forward with a prosecution. As stated above, such decisions are purely prosecutorial functions and they are absolutely immune from Plaintiff's claims. *Springmen*; *Lyles*.

## **Recommendation**

Accordingly, it is recommended that the District Court partially dismiss the Complaint in this case without prejudice and without issuance and service of process as to Defendants Sumter County Sheriff's Department and Jason Corbitt only.  See *Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

s/William M.Catoe
United States Magistrate Judge

November 16, 2007
Greenville, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).